Scott P. Shaw (SBN 223592)
SShaw@Merchantgould.com
**MERCHANT & GOULD LLP**[1]
6700 S. Centinela Avenue
Los Angeles, CA 90230
Telephone: (424) 600-4917

*Attorneys for Plaintiff*
*BozeMN LLC d/b/a Oros*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BozeMN LLC d/b/a Oros,<br><br>Plaintiff,<br><br>v.<br><br>Solitude Fly Company, Inc.,<br><br>Defendant. | Case No. 2:26-cv-12797<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff BozeMN LLC d/b/a Oros ("Oros") brings this Complaint against Defendant Solitude Fly Company, Inc. ("Solitude"), and states and alleges as follows:

## NATURE OF THE ACTION

1. Oros is an innovative company specializing in the design, development, and sale of fly fishing equipment and accessories.

2. Founded by Patrick Douglas, Oros was established with the mission of

[1] Merchant & Gould operates as an LLP in California.

improving the fly fishing experience through thoughtful product design and technological innovation. Oros seeks to make fly fishing more accessible and enjoyable for anglers of all experience levels by developing products that address longstanding problems with conventional fishing equipment.

3. Since introducing its first product in 2021, Oros has focused on providing practical, high-performance solutions that improve ease of use, reliability, and performance on the water. Oros is particularly known for its innovative fly fishing strike indicators, which are used by anglers to detect when a fish strikes a submerged fly. Oros owns certain intellectual property pertaining to its innovative strike indicators, including U.S. Patent No. 12,137,678 (the "'678 Patent").

4. Upon information and belief, Solitude is in the business of marketing, distributing, and selling fly fishing products and accessories, including through the sale of products on its website, https://solitudefly.com/. Solitude has been on notice that it infringes Oros's '678 Patent, yet has continued to sell products that directly infringe the '678 Patent.

## PARTIES

5. Oros is a limited liability company organized under the laws of the State of Montana and has a principal place of business at 136 Marks Way, Belgrade, Montana 59714. Oros is the owner of the '678 Patent.

6. Upon information and belief, Solitude is a California corporation and has a principal place of business at 128 South Palm Avenue, Alhambra, California 91801.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271 and 281-285.

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of

America.

9. This Court has personal jurisdiction over Solitude at least because Solitude is a California corporation and has an established principal place of business in the Central District of California.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Solitude is a resident of this District, has committed acts of infringement in this District, and has a regular and established place of business in this District.

## FACTUAL BACKGROUND

11. Over the years, Oros has invested significant time and effort in developing innovative fly fishing products, including its patented strike indicators.

12. A strike indicator is a buoyant device attached to a fly-fishing line or leader that helps anglers detect when a fish takes a fly by providing a visible indication of movement or changes in tension. One such strike indicator developed and sold by Oros is pictured below.





13. Oros's extensive fly fishing product development efforts resulted in, *inter alia*, the '678 Patent.

14. Oros is the assignee of, and owns all right, title, and interest in, the '678 Patent, entitled "Indicator with Internal Attachment Mechanism," which issued on

November 12, 2024. A true and correct copy of the ’678 Patent is attached hereto as Exhibit 1.

15. The claims of the ’678 Patent are valid and enforceable.

16. Oros has complied with the marking requirements of 35 U.S.C. § 287(a), thereby providing constructive notice of its rights in the ’678 Patent.

17. Upon information and belief, Solitude makes, uses, sells, offers for sale, and/or imports a product called the V-Drop Strike Indicator. Different sizes of the V-Drop Strike Indicator products, shown in assembled and disassembled states, are depicted below:



18. The making, use, sale, offer for sale, and/or importation of the V-Drop Strike Indicator infringes one or more claims of the ’678 Patent under 35 U.S.C. § 271, including without limitation claim 1.

19. Oros provided express notice of this infringement to Solitude by letter sent on October 6, 2026. A true and correct copy of that letter is attached hereto as Exhibit 2.

20. Solitude acknowledged receipt of this notice, but it continues to make, use, sell, and offer for sale the infringing V-Drop Strike Indicator.

21. Solitude's infringement of the '678 Patent is knowing and intentional. Solitude's infringement is and has been willful, and Solitude's misconduct is egregious and exemplifies behavior beyond typical patent infringement.

22. By reason of Solitude's willful infringement and egregious misconduct, Oros is entitled to recover actual damages, enhanced damages up to three times the amount found or assessed, attorneys' fees, and costs of this litigation pursuant to 35 U.S.C. §§ 284 and 285.

23. Oros has been damaged by Solitude's infringement of the '678 Patent, in an amount to be proven at trial, and will continue to be damaged unless Solitude is enjoined from infringing the '678 Patent. Unless these acts of Solitude are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Oros for which there is no adequate remedy at law. Oros is therefore entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 12,137,678

24. Oros restates the allegations set forth in the above paragraphs and incorporates them herein by reference.

25. Solitude has directly infringed and continues to directly infringe one or more claims of the '678 Patent, including but not limited to claim 1. The V-Drop Strike Indicator meets every limitation of at least that claim literally and/or under the doctrine of equivalents, as illustrated in the claim chart included in Exhibit 2. As such, Solitude's making, use, sale, offer for sale, and/or importation of the V-Drop Strike Indicator in the United States constitutes infringement under 35 U.S.C. § 271(a).

26. Solitude has had actual knowledge of the '678 Patent since as early as October 6, 2026, when Oros sent a letter to Solitude regarding its infringement and included a claim chart illustrating how the V-Drop Strike Indicator infringes the '678 Patent. (*See* Exhibit 2.)

27. Solitude has been aware of the ’678 Patent and Oros, and its infringement of the ’678 Patent’s claims has been and continues to be knowing and intentional.

28. Oros has been damaged by Solitude’s infringement of the ’678 Patent in an amount to be proven at trial and will continue to be damaged in the future unless Solitude is preliminarily and permanently enjoined from infringing the ’678 Patent.

29. Solitude’s infringement of the ’678 Patent is now and has been willful. Solitude’s conduct is egregious and exemplifies behavior beyond typical patent infringement.

## PRAYER FOR RELIEF

**WHEREFORE**, Oros prays for judgment that:

1. U.S. Patent No. 12,137,678 is valid and enforceable and has been infringed by Solitude;

2. Solitude and its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, be enjoined from further infringing U.S. Patent No. 12,137,678;

3. An accounting be had for the damages arising out of Solitude’s infringement of U.S. Patent No. 12,137,678, including enhanced damages of up to three times the amount found or assessed for willful infringement as provided by 35 U.S.C. § 284, with pre-judgment and post-judgment interest;

4. Solitude be ordered to pay Oros actual damages, including lost profits, in an amount to be determined at trial, but no less than a reasonable royalty;

5. Solitude and its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, be enjoined from the continued making, use, importation, offer for sale, or sale of the V-Drop Strike Indicator (and colorable imitations of the same) and any other products that infringe U.S. Patent No. 12,137,678;

6. This case be declared exceptional under 35 U.S.C. § 285 and Oros be awarded its attorneys' fees, costs, and expenses in this action;

7. Oros be awarded such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Oros hereby demands a trial by jury on all issues so triable.

Dated: November 2, 2026

**MERCHANT & GOULD LLP**

By: *[/s/ Scott P. Shaw]*

Scott P. Shaw

*Attorney for Plaintiff BozeMN LLC*

*d/b/a Oros*